On the Merits.
MONROE, C. J.
Since the foregoing ruling was made, counsel for plaintiff have filed a motion (a duplicate of which is shown to have been served on counsel for defendant), in which they allege that, in the matter of the bankruptcy of the defendant, pending in the District Court of the United States for the Western District of Louisiana, that tribunal has recognized the homestead exemption claimed by defendant; that the judgment has become final, and that the purpose of the appeal to this court has thereby been accomplished. They, therefore, suggest “that further litigation is unnecessary,” and “ask that the judgment of the lower court be amended to allow the defendant homestead exemption of two mules and one wagon.”
[2] We apprehend, however, that, though the jurisdiction of this court quoad the issues to be decided will terminate when the homestead question is disposed of, we shall have the further function to discharge of ordering the appeal transferred to the proper Court of Appeal for the review of the judgment of the District Court in other respects, the plaintiff having been thereby decreed to be the owner of eight mules and eight log *377 wagons, with the chains, equipment, harness, and. saddles, and defendant being entitled to a review of that judgment with respect to the property not included in the homestead exemption. See Act 19 of 1912. It is therefore ordered that the judgment appealed from be so amended as to direct that there be delivered to the defendant, as exempt from plaintiff’s seizure, two mules and one wagon, to be selected by him, free of all costs and charges. It is further ordered that, for the review of the judgment appealed from in other respects, this case be transferred to the Court of Appeal, Second Circuit. It is further ordered that the costs of the appeal to this court be paid by plaintiff, appellee, and all other costs await the determination of the case.
DAWKINS, J., takes no part,